UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LORI L. MARTIN, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant ) | CAUSE NO. 1:07-CV-89 RM |

OPINION AND ORDER

Lori Martin seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 423 and 1381 *et seq.*. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). For the reasons that follow, the Commissioner's decision is affirmed.

BACKGROUND

In her applications for benefits, Ms. Martin alleged an onset of disability as of February 14, 2003 due to degenerative disc disease, endometriosis and dyslexia. Her applications were denied initially, on reconsideration, and following an administrative hearing, at which she was represented by counsel.

The administrative law judge heard testimony from Ms. Martin, her mother, Nancy Denner, and a vocational expert, Robert Bond. The ALJ found that Ms. Martin had severe degenerative disc disease, but didn't have any other severe medically determinable impairments and hadn't established that her back condition met or medically equaled one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (specifically Section 1.04). The ALJ found that Ms. Martin's testimony concerning the intensity, persistence and limiting effects of her symptoms wasn't entirely credible, and that she retained the residual functional capacity to perform unskilled light exertion work providing a sit/stand option. Although exertional limitations precluded her from performing her past relevant work as a machine operator, the ALJ found that Ms. Martin still was capable of performing a significant number of other jobs in the national economy. Relying on the testimony of the vocational expert, Dr. Robert Bond, the ALJ concluded that Ms. Martin could work as a small parts or products assembler or sub-assembler and so was not disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Appeals Council denied Ms. Martin's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. Fast v. Barnhart, 397 F.468, 470 (7th Cir. 2005). This appeal followed.

DISCUSSION

Ms. Martin says the ALJ's decision should be reversed because it wasn't supported by substantial evidence, but she challenges only one of the ALJ's findings with any specificity: his alleged failure to consider the severity and effect of impairments other than degenerative disc disease — endometriosis and dyslexia. The rest of her argument focuses on her assertion that there was substantial evidence in the record to support a finding of disability.

The issue for this court to resolve, though, isn't whether Ms. Martin is disabled, but whether substantial evidence supports the ALJ's findings to the contrary. Cass v. Shalala, 8 F.3d 552, 555 (7th Cir. 1993). If substantial evidence supports the findings, the court must affirm the Commissioner's decision. Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000). The substantial evidence standard prevents the court from "reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility" — in short, substituting its own judgment for that of the Commissioner, Williams v. Apfel, 179 F.3d 1066, 1071-1072 (7th Cir. 1999); *accord* Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000) — and requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

Ms. Martin asserted disability on the basis of three impairments: degenerative disc disease, endometriosis, and dyslexia. The ALJ found that only one of those impairments—degenerative disc disease—was severe. Noting the

absence of any objective medical evidence to support Ms. Martin's claims about endometriosis and dyslexia and their related symptoms, the ALJ concluded that those conditions weren't severe medically determinable impairments. (A.R. 18).

Ms. Martin disagrees. She acknowledges the absence of evidence confirming a diagnosis of endometriosis, but contends the ALJ should have considered whether other gynecological problems (dysfunctional bleeding and painful menstrual cramps) referenced in the medical records and her testimony at the hearing qualified as severe impairments and affected her ability to do basic work activity, and failed to do so. A review of the record indicates otherwise.

With no objective medical evidence confirming a diagnosis of endometriosis, Ms. Martin tried to establish its presence by showing that she suffered from the "classic symptoms of endometriosis" — dysfunctional bleeding and cramps. The ALJ considered that evidence, but found that no objective medical evidence supported her complaints of endometriosis, that Ms. Martin responded favorably to medication (contraceptive pills) prescribed for the treatment of the associated symptoms, and that she hadn't sought medical treatment for that condition in over two years. The ALJ therefore concluded that Ms. Martin's complaints of endometriosis and the symptoms she associated with it didn't constitute a severe medically determinable impairment affecting her ability to work. Substantial evidence in the record supports that determination.

Ms. Martin didn't challenge the ALJ's findings about her back impairment and its effect on her ability to do basic work related activity; she argues instead

that there was optimal medical evidence in the record to support a finding of disability. She asserts that "[i]f she had undergone spinal fusion surgery and if she had undergone exploratory laparoscopic surgery, then there would have been an unassailable evidentiary basis for disability." [Doc. No. 16 at p. 11].

Whether Ms. Martin is disabled is not for this court to decide. As already noted, the court cannot reconsider facts, reweigh the evidence, or decide questions of credibility. Williams v. Apfel, 179 F.3d 1066, 1071-1072 (7th Cir. 1999); *accord* Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000). Its inquiry is limited to whether the ALJ's decision was supported by substantial evidence. A review of the record shows that it was.

The medical evidence to which Ms. Martin refers is the June 16, 2003 report from consulting physician, Dr. Michael Arata, who opined that Ms. Martin was a candidate for spinal surgery. (A.R. 137). Ms. Martin was referred to Dr. Arata for evaluation of chronic low back discomfort. He diagnosed degenerative disc disease, advised that she "might want to consider surgery," and ordered an MRI of the lumbar spine. (A.R. 140-41). At a follow-up appointment, Dr. Arata opined that, "considering the long duration of symptoms, [Ms. Martin] is a candidate for some type of surgery . . . I would recommend probably discectomy and lateral mass fusion at L5-S1 in all probability." (A.R. 137). Dr. Arata referred Ms. Martin to the orthopedic clinic at St. Joseph Hospital "for further evaluation and workup," and indicated that he would be "happy to work with the residents to sort things out and make a definite decision about the advisability of surgery." (A.R. 137).

5

The ALJ considered Dr. Arata's reports and recommendations as part of his analysis at step two of the disability evaluation, and found that Ms. Martin had severe degenerative disc disease, that surgery had been advised, and that Ms. Martin had elected not to have it, although her stated reasons varied. (A.R. 18). The ALJ accordingly proceeded at step three to determine whether Ms. Martin's back impairment met or equaled a listed impairment, specifically 20 C.F.R. Pt. 404, Subpt.P., Appendix 1, Sec. 1.01 (Disorders of the Spine). The ALJ found that there was no documentation of spinal stenosis or arachnoiditis, and no evidence of nerve root compression, so Ms. Martin's back condition didn't meet or medically equal section 1.04 or any other listed impairment. (A.R. 18-19). Ms. Martin doesn't dispute those findings, and nothing in Dr. Arata's report and recommendations (or any of the other medical evidence) supports the assertion that "[i]f she had undergone spinal fusion surgery . . . there would have been an unassailable evidentiary basis for disability." [Doc. No. 16 at p. 11].

CONCLUSION

For the foregoing reasons, the court AFFIRMS the decision of the Commissioner of Social Security.

SO ORDERED.

ENTERED:  September 30, 2008

/s/ Robert L. Miller, Jr.

Chief Judge
United States District Court